UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

VAD KOZARIN,

    Plaintiff,

**JURY TRIAL DEMANDED**

v.

SOBE USA, LLC, a Florida limited company d/b/a
I PAPARAZZI @ OCEANS TEN and PAPARAZZI
CLUB, SOBE CORSICA, LLC, a Florida limited
liability company d/b/a I PAPARAZZI, CATHERINE
ARRIGHI, and ANTHONY ARRIGHI,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, VAD KOZARIN ("KOZARIN"), by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, SOBE USA, LLC, a Florida limited liability company d/b/a I PAPARAZZI @ OCEANS TEN and PAPARAZZI CLUB, (hereinafter "SOBE USA"), SOBE CORSICA, LLC, a Florida limited liability company d/b/a I PAPARAZZI, (hereinafter "SOBE CORSICA"), CATHERINE ARRIGHI, (hereinafter "C. ARRIGHI"), and ANTHONY ARRIGHI, (hereinafter ("A. ARRIGHI") and states as follows:

### INTRODUCTION

1. This is an action to recover unpaid minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"), the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution and Fla. Stat. §448.110.

## JURISDICTION

1. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331. At all times pertinent to this Complaint, the corporate Defendants, SOBE USA, and SOBE CORSICA were enterprises engaged in interstate commerce.  At all times pertinent to this Complaint, the Defendants, SOBE USA, SOBE CORSICA, C. ARRIGHI and A. ARRIGHI regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

2. Defendants operated several restaurants where the Plaintiff worked.  Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, that were used commercially in Defendants' businesses, and moved in interstate commerce

3. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

4. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

5. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

6. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida; and,

   b. Defendants are and continue to be companies and individuals doing business within this judicial district.

## PARTIES

7. At all times material hereto, Plaintiff, KOZARIN, was an "employee" of the Defendants, SOBE USA, SOBE CORSICA, C. ARRIGHI and A. ARRIGHI within the meaning of the FLSA.

8. At all times material hereto, Defendants, were the employers of Plaintiff.

9. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA, Article X, §24 of the Florida Constitution and Fla. Stat. §448.110.

10. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned wages in conformance with the FLSA, the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution and Fla. Stat. §448.110.

11. At all times material hereto, the corporate Defendants, SOBE USA, SOBE CORSICA were and continue to be "enterprise[s] engaged in commerce" within the meaning of the FLSA.

12. At all times material hereto, the work performed by Plaintiff was directly essential to the businesses performed by the Defendants.

13. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATMENT OF FACTS

14. From about February 7, 2012 through or about January 8, 2014, the Plaintiff was employed as an entertainer by the Defendants.

15. Defendants paid Plaintiff no hourly wage. Therefore he was not paid at or above the applicable minimum wage per hour.

16. Defendants knowingly and willfully operated their businesses with a policy of not paying wages in conformance with the FLSA, to the Plaintiff.

17. While working for the Defendant companies, Defendants C. ARRIGHI and A. ARRIGHI were owners and/or managers who were involved in the day-to-day operations and/or were directly responsible for the supervision of Plaintiff.  Therefore, they are personally liable for the FLSA violations.

18. Defendants, C. ARRIGHI and A. ARRIGHI were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

19. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

## VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

20.  Plaintiff realleges Paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21.  Plaintiff's employment with the Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

22. 29 U.S.C. § 206 and requires that any non-exempt employee covered by the FLSA be paid their minimum wages.

23. Plaintiff worked hours for the Defendants for which he received no hourly wage.  He was not paid at or above the FLSA statutory minimum wage.

24. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

 WHEREFORE, Plaintiff respectfully requests:

    a.    judgment in his favor for all unpaid minimum wages due or payable;

    b.    liquidated damages;

    c.    attorney's fees and costs pursuant to the FLSA;

    d.    post-judgment interest;

    e.    Declaratory relief pursuant to the FLSA finding that employees, including Plaintiff, who worked for the Defendants within the last three years were not paid minimum wage for all hours worked as required by the Act; and

    f.    all other and further relief this Court deems to be just and proper.

## COUNT II

### VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION AND SECTION §448.110 FLORIDA STATUTES (FLORIDA MINIMUM WAGE AMENDMENT)

25. Plaintiff realleges Paragraphs 1 through 19 as if fully stated herein.

26. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay Plaintiff at least the applicable Florida minimum wage.

27. During Plaintiff's employment, Defendants willfully paid him no wages for his hours, which is less than the statutory minimum wage.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

    a.    Declaring that Defendants violated Article X of the Florida Constitution and Section 448.110 Florida Statutes, insofar as failing to pay Plaintiff at or above the minimum wage;

    b.    Awarding Plaintiff all back wages due and owing;

    c.    Awarding Plaintiff liquidated damages in the amount equal to his back wages;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const., and Section 448.110 Florida Statutes;

e. Awarding Plaintiff prejudgment and post-judgment interest;

f. Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for *each* such willful violation;

g. Declaratory relief pursuant to the Florida Constitution and Florida Statutes finding that employees, including Plaintiff, who worked for the Defendants within the last five years were not paid minimum wage for all hours worked as required; and

h. Awarding such other and further relief this Court deems to be just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:   December 17, 2015.

        Respectfully submitted,

        BOBER & BOBER, P.A.
        Attorneys for Plaintiff
        1930 Tyler Street
        Hollywood, FL 33020
        Phone: (954) 922-2298
        Fax: (954) 922-5455
        peter@boberlaw.com
        samara@boberlaw.com

        By:   s/. Peter Bober
            PETER BOBER
            FBN:  0122955
            SAMARA ROBBINS BOBER
            FBN: 0156248