# CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("Agreement"), is made and entered into by and between SOBE USA, LLC, company d/b/a I PAPARAZZI @ OCEANS TEN and PAPARAZZI CLUB, SOBE CORSICA, LLC, d/b/a I PAPARAZZI, CATHERINE ARRIGHI, and ANTHONY ARRIGHI and all of their parent corporations, subsidiaries, affiliates, divisions, predecessors, successors and assigns, joint employers, joint ventures, and the current and former employees, officers, directors, board members, owners, insurers, attorneys, and agents thereof, themselves, their heirs, predecessors, successors, and assigns (collectively referred to throughout this Agreement as "Defendants"), and VAD KOZARIN, on behalf of himself, his heirs, predecessors, successors, and assigns (collectively referred to throughout this Agreement as "Plaintiff").[1]

WHEREAS, Plaintiff filed a Complaint against Defendants in the action styled *VAD KOZARIN v. SOBE USA LLC et al.*, Case No. 1:15-cv-24640 in the United States District Court, Southern District of Florida (hereinafter called the "Action");

WHEREAS, Defendants deny the validity of Plaintiff's claims and deny that they are subject to any liability; rather, simply because of litigation cost and business decision, Defendants are agreeing to resolve this matter;

WHEREAS, the parties wish to avoid the expenses and risks of litigation and resolve and settle their differences without resort to further litigation; and

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants and agreements set forth herein, which covenants and agreements constitute good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them that exist or may exist between them:

1. **Recitals**. The parties acknowledge that the "WHEREAS" clauses preceding Paragraph 1 are true and correct, and are incorporated herein as material parts to this Agreement.

2. **Consideration**. In consideration of the mutual promises exchanged herein, and in compliance with the mutual promises made herein, Defendants shall pay to Plaintiff the total sum of Twenty-Five Thousand Dollars ($25,000.00) (the "Settlement Funds") ($15,000.00 from SOBE CORSICA, LLC and $10,000.00, from SOBE USA, LLC) allocated as follows:

   A. Defendants based the allocation described in Paragraph 2 among themselves and shall issue payment in the gross amount of Seven-Thousand Dollars and No/Hundreds ($7,000.00), less withholding and all lawful taxable deductions, made at the usual and customary rate, made payable to "VAD KOZARIN." The payment referenced in this

---

[1] Plaintiffs and Defendants shall collectively be referred to as the "Parties."

subparagraph 2(A) represents the recovery of unpaid wages for which the appropriate IRS Form W-2 shall be issued.

B. Defendants based the allocation described in Paragraph 2 among themselves and shall issue payment in the total amount of Seven-Thousand Dollars and No/Hundreds ($7,000.00), for alleged liquidated damages made payable to "VAD KOZARIN" for which a 1099 shall issue.

C. Defendants based the allocation described in Paragraph 2 among themselves and shall issue payment in the total amount of One-Thousand Dollars and No/Hundreds ($1,000.00), for a general release of all claims made payable to "VAD KOZARIN" for which a 1099 shall issue.

D. Defendants based the allocation described in Paragraph 2 among themselves and shall issue payment in the total amount of Ten Thousand Dollars and No/Hundreds ($10,000.00) payable to Bober and Bober, P.A. representing payment of and in full satisfaction of Plaintiff's attorney's fees and costs as well as all other consideration due under this Agreement.

E. Regardless of the allocation, each Defendant is jointly and severally responsible for the full payment of all settlement monies due under this Agreement.

F. The settlement proceeds shall be delivered to Plaintiff's counsel, Bober and Bober, P.A., within ten (10) calendar days of the satisfaction of **all** of the following conditions precedent:

(1) receipt by counsel for Defendants of this Agreement executed by Plaintiff;

(2) receipt by counsel for Defendants of an IRS Form W-9 fully executed by Plaintiff and an IRS Form W-9 fully executed by counsel for Plaintiff;

(3) the filing by the parties of a Joint Motion for Settlement Approval and Proposed Order Dismissing this case with prejudice to be prepared by Plaintiff's counsel; and

(4) the Court's approval of this Agreement and dismissal of Plaintiff's claims with prejudice.

3. Plaintiff agrees to be responsible for payment of taxes for all non-wage amounts paid hereunder. The Defendants shall be responsible for all payroll and other employer taxes which are its lawful obligation to pay.

4. **No Consideration Absent Execution of this Agreement**. Plaintiff understands and agrees that he would not receive the monies and/or benefits specified in paragraph 2 above, except for his execution of this Agreement and the fulfillment of the mutual promises contained

herein. The payment reflected in paragraph 2 is made in full and final settlement and resolution of the Action.

5. **Attorneys Not Tax Experts.** The Parties acknowledge that any attorney involved in this Agreement does not claim to be an expert in tax matters. Each Party states that he/it has consulted or has had the opportunity to consult with a tax professional to fully evaluate the tax implications and consequences of this Agreement.

6. **General Release of All Claims**. In consideration for the promises contained in this Agreement, Plaintiff unconditionally releases and discharges each of the Defendants (also referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which Plaintiffs now own or hold, or have owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, causes of action, and all incurred attorney's fees and costs, which arise out of, or are in any way connected with Plaintiff's relationship with, or the separation of Plaintiff's relationship with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under:

- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- The Age Discrimination in Employment Act; as amended;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Family and Medical Leave Act of 1993, as amended;
- The Immigration Reform and Control Act, as amended;
- The Fair Labor Standards Act, as amended;
- The Equal Pay Act, as amended;
- The Americans with Disabilities Act, as amended;
- The Workers Adjustment and Retraining Notification Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- Employee Retirement Income Security Act (ERISA);
- Racketeer Influenced and Corrupt Organizations Act (RICO);
- The Florida Civil Rights Act – Fla. Stat. §760.01 et seq.;
- The Florida Whistle Blower Act – Fla. Stat. §448.101 et seq.;
- The Florida Minimum Wage Act - Fla. Stat. §448.110;
- Any and all Florida laws relating to the payment of wages;
- Florida Stat. §448.08;
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, or common law; and
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

The parties acknowledge that this Agreement shall not apply to rights or claims that may arise after this Agreement has been signed. Additionally, nothing in this paragraph or in the Agreement is intended to limit or restrict any rights that cannot, by express and unequivocal terms of law, be limited, waived, or extinguished. Acknowledging the foregoing, Plaintiff understands and agrees that he is releasing Defendants from any and all claims, and giving up the opportunity to recover any compensation, damages, or any other form of relief in any proceeding brought by him or on his behalf.

This Agreement shall effect the release of all claims which were, or could have been, asserted by Plaintiff against Defendants in the Action.

Defendants, for themselves and on behalf of their present and former managers, officers, employees, directors, agents, subsidiaries, affiliates and anyone else who may be responsible to defend or provide possible recompense, hereby release and discharge Plaintiff, his attorneys, agents, assigns, heirs, executors, successors, administrators and personal representatives of any and all claims, demands, actions, causes of action, suits, damages, losses, costs, expenses, and attorney's fees, and all claims of any kind and every character whatsoever, whether known or unknown, which they have or may have against him growing out of, or arising from, or pertaining to any contract, transaction, dealing, employment relationship, conduct, act, or omission existing at any time prior to the execution of the Agreement.

7. **The ADEA**. In compliance with the requirements of the Age Discrimination in Employment Act (ADEA), as amended by the Older Worker Benefit Protection Act of 1990, Plaintiff acknowledges by his signature below and the initialing of all pages of this Agreement that he has read and understood this Agreement and specifically understands the following:

A. That he may consult with an attorney before signing this Agreement, that he is being encouraged to consult with an attorney and that he did in fact did consult with an attorney;

B. That he had adequate time to consider the terms of this Agreement and that he understands the terms and, by signing this Agreement, he consents to same;

C. That he is releasing Defendants from, among other things, any claim which he might have against Defendants pursuant to the ADEA, as amended by the Older Worker's Benefit Protection Act of 1990; and

D. That this Agreement does not cover the rights or claims that may arise under the ADEA after the date of execution of this Agreement.

8. Affirmations.

A. PLAINTIFF AFFIRMS THAT HE HAS NOT FILED, CAUSED TO BE FILED, OR PRESENTLY IS A PARTY TO ANY CLAIM, COMPLAINT, OR ACTION

AGAINST DEFENDANTS IN ANY FORUM (ADMINISTRATIVE, COURT, OR ANY OTHER FORUM), EXCEPT FOR THE ACTION.

      B.    Plaintiff affirms that he has no unreported workplace injuries.

9.    **Mutual Non-Disparagement**. The Parties agree that they will not in the future (a) talk about or otherwise communicate to any third party in a malicious, disparaging or defamatory manner regarding Defendants or Plaintiffs, or (b) make or authorize to be made any written or oral statement that may disparage the reputation of Defendants or Plaintiff. This includes, but is not limited to, any text messages, blogs, websites, or social media such as Twitter, Linkedin, and Facebook or in traditional media be it orally, in writing, via e-mail or otherwise. Defendants agree that the senior management team of the company will be advised not to make disparaging or defamatory comments about Plaintiff to third parties.

10.    **No Re-Application for Employment**. Plaintiff agrees that he will not apply for employment with Defendants (or any related entities) and acknowledges that any application for employment Plaintiff makes to Defendants may be rejected without cause and without any liability whatsoever. Plaintiff understands and acknowledges that Defendants are not and never shall be under any obligation to employ or re-employ him, and the refusal of Defendants to employ or re-employ him will not subject them to liability on any grounds.

11.    **Mutual Confidentiality**.

      A.    The Parties warrant that they have not disclosed any of the terms of this Agreement, or the negotiations related to this Agreement, to anyone other than their attorneys. The Parties represent and agree that (i) they will keep the terms of this Agreement completely confidential, except and unless disclosure is required and compelled by law or as otherwise set forth below, and (ii) if disclosure is compelled by court order, they will disclose only so much information as is necessary for compliance. The Parties agree not to publicize or disclose any of the terms of this Agreement in any manner whatsoever, whether in writing or orally, to any person, directly or indirectly, or by or through any agent or representative, except as necessary to effectuate the terms of the Agreement, other than to the following: (1) their attorneys; (2) their spouses; (3) their accountants and tax consultants; and (4) other representatives or entities as required and compelled by law or lawful court order. With respect to any individuals referred to above to whom the Parties knowingly disclose any information regarding this Agreement or its terms, the Parties agree that they will inform such individuals that the information is strictly confidential and may not be reviewed, discussed or disclosed, orally or in writing with any other person, organization or entity whatsoever, at any time, and the disclosing Party shall be liable for any breach resulting from such disclosure. In the event any inquiry is made of the Parties concerning this matter, they shall indicate only that "the claim has been resolved," and shall give no other indication of the outcome. Confidentiality is intended to be binding upon the Parties personally and all agents and other representatives of the Parties, if appropriate.

      B.    In the event that the Parties are required by compulsion of legal process to disclose, publicize, or to permit, authorize or instigate the disclosure of this Agreement, in whole or in part, the Party must notify the other Party in writing at least ten (10) business days prior to the disclosure in order to provide the other Party an opportunity to object to such disclosure.

Such written notification shall be sent to: Defendants' attorney, Richard Celler, Esq., Richard Celler Legal, P.A., 7450 Griffin Road,, Suite 230, Davie, Florida 33314. The Parties agree to reasonably cooperate with each other if a Party objects to such disclosure.

C. This confidentiality agreement specifically includes, but is not limited to, an obligation, on the part of the Parties and their attorneys and other representatives, not to knowingly disclose, or cause to be disclosed, the terms of the Agreement to any current or former employee or independent contractor of Defendants or any affiliate of Defendants, or to any individual associated with the press or the media.

12. **Nonadmission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Release is or shall be deemed or construed at any time for any purpose as an admission by Defendants of any liability or unlawful conduct of any kind.

13. **Governing Law and Enforcement**. The Parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Action. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. The parties shall, as a condition of settlement, request the U.S. District Court retain jurisdiction to enforce the terms of settlement.

14. **Severability**. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

15. **Headings**. The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretive of the contents of such provision.

16. **Amendment**. This Agreement may not be modified, altered or changed except upon express written consent of the Parties wherein specific reference is made to this Agreement.

17. **Binding Nature of Agreement**. This Agreement shall be binding upon the parties hereto and upon their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns, and shall inure to the benefit of said parties and each of them and to their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns. Plaintiffs expressly warrant that they have not transferred to any person or entity any rights or causes of action, or claims released by this Agreement.

18. **Selective Enforcement**. The Parties agree that the failure of any party to enforce or exercise any right, condition, term or provision of this Agreement shall not be construed as or deemed to be a waiver or relinquishment thereof, and the same shall continue in full force and effect.

19. **Copy of Agreement Valid**. The parties agree that executed copies of this Agreement shall be valid and binding.

20. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

21. **Dismissal of Lawsuit**. Plaintiff shall file with the Court in the Action a Motion for Approval of the Parties' Settlement Agreement and Dismissal With Prejudice of all claims asserted by Plaintiff in this Action with the Court to maintain jurisdiction to enforce the terms of this Agreement, along with a proposed Order.

22. **Agreement Not to Be Used as Evidence**. Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement may be deemed to be, or may be used as, an admission of, or evidence of the validity of any released claim, or of any wrongdoing in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Agreement. Defendants, however, may file this Agreement in any action that may be brought against it in order to support a defense or counterclaim based on principals of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

23. **Enforcement**. In the event any action is commenced to enforce said settlement agreement, the prevailing party shall be entitled to reasonable fees and costs.

24. **Voluntariness**. Plaintiff certifies that Plaintiff has fully read, negotiated, and completely understand the provisions of this Agreement, that Plaintiff has been advised by Defendants to consult with an attorney before signing the Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

25. **Counterparts**: This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

26. **Construction.** Plaintiff and Defendants have jointly participated in the negotiation of this Agreement. In the event of an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if it was drafted jointly by the Parties and no presumptions or burdens of proof shall arise favoring any party by virtue of authorship of this Agreement.

27. **Translation:** By signing this Agreement, Plaintiff certifies that, if necessary, this Agreement has been translated for him by his attorney and that he fully understands the terms of this Agreement.

PLAINTIFF IS HEREBY ADVISED THAT HE HAS HAD A REASONABLE PERIOD OF TIME TO REVIEW AND CONSIDER THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE. PLAINTIFF IS FURTHER ADVISED THAT HE SHOULD CONSULT WITH COUNSEL BEFORE SIGNING THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE TO DISCUSS THE TERMS OF THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE, AND PLAINTIFF ACKNOWLEDGES THAT HE HAS CONSULTED WITH COUNSEL.

HAVING ELECTED TO EXECUTE THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 2 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANTS.

**(SIGNATURES BEGIN ON THE FOLLOWING PAGE)**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Confidential Settlement Agreement and General Release as of the date(s) set forth below:

Witness

Date: _____

**VAD KOZARIN**

Date: _____

Witness _[signature]_

Date: 04/12/16

**SOBE USA, LLC, company d/b/a I PAPARAZZI @ OCEANS TEN and PAPARAZZI CLUB**

By: _[signature]_

Name: Anthony Arrighi

Title: Managing Partner

Witness _[signature]_

Date: 04/12/16

**SOBE CORSICA, LLC, d/b/a I PAPARAZZI**

By: _[signature]_

Name: Anthony Arrighi

Title: Managing Partner

Witness _[signature]_

Date: 04/12/16

**ANTHONY ARRIGHI (INDIVIDUALLY)**

Date: 04/12/16

| | |
|---|---|
| Witness | CATHERINE ARRIGHI (INDIVIDUALLY) |
| Date: 04/12/16 | Date: 04/12/16 |

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Confidential Settlement Agreement and General Release as of the date(s) set forth below:

_____  
Witness

Date: 4/8/16

_____  
VAD KOZARIN

Date: 04/08/2016

SOBE USA, LLC, company d/b/a I PAPARAZZI @ OCEANS TEN and PAPARAZZI CLUB

_____  
Witness

Date: _____

By: _____

Name: _____

Title: _____

SOBE CORSICA, LLC, d/b/a I PAPARAZZI

_____  
Witness

Date: _____

By: _____

Name: _____

Title: _____

_____  
Witness

_____  
ANTHONY ARRIGHI (INDIVIDUALLY)

Date: _____

Date: _____